UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

LADY LAKE BB, LLC,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, hereby files this Notice of Removal to remove the above-captioned civil action from the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The above-captioned civil State Court action is styled as *Lady Lake BB, LLC v. Scottsdale Insurance Company*, Case no. 2024-CA-2393 (hereinafter "State Court Action"). The grounds for removal of the State Court Action to this Honorable Court are as follows:

    1.    Plaintiff filed this action against Scottsdale, arising out of a claim for property damage related to alleged damage at his property located at 7415 S US

Highway 441, Lady Lake, FL 32159 ("subject property"). *See paragraphs 4-6 of Plaintiff's Complaint, attached as **Exhibit "1"**.*

2. 28 U.S.C. Section 1332 permits removal of this action because: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. For Diversity jurisdiction to exist, there must be "complete diversity," that is, each defendant must be a citizen of a state different from that of each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 57 L.Ed.2d 274 (1978); *Palmer v. Hospital Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir.1994).

4. Corporations are citizens of the state where they are incorporated as well as the state in which it maintains its principal place of business. *See 28 U.S.C.A. § 1332(c)(1)*; *Hertz Corp. v. Friend*, 559 US 77 (U.S. 2010).

5. At all material times hereto, Scottsdale was and is a foreign (surplus lines insurance carrier) corporation, incorporated in Ohio, with its principal place of business in Arizona. Therefore, Scottsdale is a citizen of Ohio and Arizona. *See* **Exhibit "2"** for a copy of the website printout from the Florida Office of Insurance Regulation, identifying Scottsdale as a surplus lines carrier.

6. Plaintiff is a Florida Limited Liability Company with its principal place of business located in Miami-Dade County, Florida. Indeed, the Florida Division of

Corporations shows Plaintiff's principal place of business as 200 S Biscayne Blvd., 7th Floor, Miami, FL 33131. *See Exhibit "3"*.

7. However, Defendant acknowledges that Plaintiff's status as an LLC requires that the citizenship of each member be considered as well. Based on information currently available to the Defendant, there is only one member of Lady Lake BB, LLC. The member is Joseph A. Sanz.

8. Mr. Sanz is a resident and citizen of Florida. Indeed, he maintains a residence and claims the homestead exemption on a home located at 7017 SW 148 Terrace, Miami, FL 33158. *See Exhibit "4"*.

9. Between April 8, 2022 and April 8, 2023, Scottsdale insured the subject property under policy number CPS7557468, which Scottsdale issued to the Plaintiff ("the Policy"). *See Exhibit "5"*.

10. The subject property is the location of the alleged damages at issue in this lawsuit for which the Plaintiff seeks benefits under the Policy. *See generally Exhibit "1"*.

11. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

12. When considering the amount in controversy, district courts may

"make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). A repair estimate by a public adjuster or loss consultant is an "honest assessment of damages" by Plaintiff for purposes of establishing the jurisdictional amount in controversy. *See Perez-Malo v. First Liberty Ins. Corp.*, 2017 WL 7731958 (S.D. Fla. 2009). In *Perez-Malo*, an itemized and highly detailed repair estimate of $112,341.91 was found to be "well above the jurisdictional threshold. *Id*. at 3.

13. Prior to filing the instant action, Plaintiff submitted a repair estimate totaling $205,802.68. The estimate is itemized, detailed, and exceed the jurisdictional threshold of $75,000. **See Exhibit "6"**.

14. Therefore, the disputed amount in controversy is in excess of $75,000. *See Perez-Malo*, 2017 WL 7731958; *Katz*, 2009 WL 1532129 at 5; *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. Fla. 2010) (a defendant may use "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" to support its position for removal).

15. At the time when this action commenced, at the present time, and at all times material to this action, Plaintiff was a citizen of Florida, and Scottsdale is a citizen of Ohio and Arizona. Therefore, complete diversity exists between the

parties in accordance with 28 U.S.C. §1332.

16. Scottsdale has timely filed this Notice of Removal within thirty (30) days of Scottsdale's receipt of the initial pleading and/or receipt of other papers from which it could first be ascertained that the case is one which is removable as the amount in controversy exceeds $75,000.00.

17. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Fifth Judicial Circuit in and for Lake County, Florida.

18. Copies of all process, pleadings and orders served upon Scottsdale, and such other papers or exhibits as are required by Local Rules of Court, are filed herein, with the exception of discovery served with the Complaint.

**WHEREFORE**, Defendant, SCOTTSDALE INSURANCE COMPANY, prays that this Honorable Court exercise jurisdiction over this matter.

Dated: March 27, 2025            **KAUFMAN DOLOWICH LLP**

/s/ *Brett A. Smith, Esq.*
Brett A. Smith, Esq.
Fla. Bar No. 89236
Email: bsmith@kaufmandolowich.com
Joseph R. Miele, Jr., Esq. (Lead Counsel)
Fla. Bar No. 426636
Email: jmiele@kaufmandolowich.com
100 S.E. Third Avenue, Suite 1500
Fort Lauderdale, Florida 33394
*Counsel for Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **March 27, 2025,** a true and correct copy of the foregoing was filed via CM/ECF, which will serve a copy via e-mail on the following: Anthony Fouladi, Esq., Serrano Cagan & Cagan, 2300 Maitland Center Pkwy, Suite 106, Maitland, FL 32751, service@serranocagan.com, afouladi@serranocagan.com, and cholliday@serranocagan.com.

/s/ *Brett A. Smith, Esq.*
Brett A. Smith, Esq.